# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OLIVER HOLSTON-RYELL; STEPHANIE L. HODGE, | Case No. 2:19-cv-01323-RFB-VCF |
| Plaintiffs, | **ORDER** |
| v. | |
| METLIFE HOME LOANS, *et al.*, | |
| Defendants. | |

## I.   INTRODUCTION

Before this Court are Defendants JPMorgan Securities Inc. and Mortgage Electronic Registration System's Motions to Strike and Motion to Dismiss.[1] ECF Nos. 10, 11. For the following reasons, the Court grants the motion to strike and denies the motion to dismiss as moot.

## II.   PROCEDURAL BACKGROUND

Plaintiffs initiated this case by filing suit in the Eighth Judicial District Court in Clark County, Nevada on July 15, 2019. ECF No.1-1. The complaint asserts claims for lack of standing/wrongful foreclosure, breach of contract, quiet title, slander of title, and declaratory relief. Defendants removed the case to federal court on the basis of diversity jurisdiction on July 31, 2019. ECF No. 1. Plaintiff filed a motion for a temporary restraining order on August 29, 2019. ECF No. 9. The Court denied the motion for temporary restraining order on August 30, 2019. ECF No. 15. Defendants moved to strike the complaint or in the alternative dismiss on August 29, 2019. ECF Nos. 10, 11. No opposition was filed.

/ / /

---

[1] The motions are identical and seek relief in the alternative.

### III. FACTUAL ALLEGATIONS

Plaintiff is the record title owner of property located at 6975 South Valley View Blvd, Las Vegas, NV 89118. On February 10, 2009, Plaintiff executed a loan of $282,966 that was secured by a deed of trust recorded on February 25, 2009. On March 30, 2009, Plaintiff's promissory note for the loan was sold to the GNMA 2009-18 Trust. There was no contemporaneous assignment of Plaintiff's deed of trust to the trust as underlying security for Plaintiff's note. Plaintiff's note and deed of trust are irreparably separated. On November 10, 2011 an assignment of deed of trust was recorded on behalf of MERS (Mortgage Electronic Registration Systems, Inc.). On May 29, 2013 and August 15, 2013 two assignments of deed of trust were filed. On October 14, 2013, a notice of default was filed.

### IV. DISCUSSION

Federal Rule of Civil Procedure 11(a) requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented… The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a).

In this case Plaintiff Oliver Holston-Ryell asserts various claims for relief concerning a deed of trust and promissory note for which only Stephanie Hodge is listed as the borrower. However, Plaintiff Stephanie Hodge has signed none of the pleadings or submissions filed with the Court. A pro se party may only represent himself. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008). "Consequently, in an action brought by a pro se litigant, the real party in interest must be the person who by substantive law has the right to be enforced." Id. (internal citations omitted). Accordingly, the Court must strike the complaint as Plaintiff Oliver Holston-Ryell has alleged no facts or claims for which he has the right to enforce the substantive law, and the real party in interest has not appeared.

The Court also notes that plaintiffs did not oppose the motion to dismiss. District of Nevada local rules state that failure of a party to file written opposition in response to a motion (with the exception of motions for summary judgment and attorneys' fees) constitutes consent to granting of the motion. LR 7-2. Failure to follow a district court's local rules is a proper ground for dismissal. Ghazali v. Moran, 46 F.3d 52, 54 – 54 (9th Cir. 1995). The Court may dismiss cases for failure to comply with local rules even against pro se litigants, so long as they had notice and the opportunity to respond. Id. (upholding lower court's dismissal of case when pro se litigant failed to oppose motion to dismiss) This is thus another independent ground for the Court to dismiss this case.

### V. CONCLUSION

**IT IS ORDERED** that Defendants JP Morgan Securities, Inc. and Mortgage Electronic Registration System's Motion to Strike (ECF No.10) is GRANTED.

**IT IS FURTHER ORDERED** that Defendants JP Morgan Securities, Inc. and Mortgage Electronic Registration System's Motion to Dismiss (ECF No. 11) is DENIED as moot. The Clerk of the Court is instructed to close the case.

**DATED**: March 6, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**